## ACTION TO ENFORCE STOCKHOLDERS' LIABILITY.

Circuit Court of Summit County.

CORA B. NEVIN v. THE AKRON ENGINEERING COMPANY ET AL.*

Decided, October 8, 1908.

*Corporations—Stockholders Liability—Limitations—Voluntary Dissolution.*

The voluntary dissolution of a corporation under the provisions of Section 5674a, Revised Statutes, does not cause the eighteen months to begin to run within which an action upon the liability of stockholders must be brought, as provided in Section 3258a, Revised Statutes.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This action to enforce stockholder's liability was not begun within the eighteen months succeeding the voluntary dissolution of the defendant company, under Section 5674a, Revised Statutes, and the filing with the Secretary of State of a certificate thereof under Section 2789-31, Revised Statutes, but it was begun within eighteen months after plaintiff's claim was reduced to judgment and execution thereon returned unsatisfied. Under Section 3258a, Revised Statutes, it must have been begun, if at all, within eighteen months after plaintiff's claim against the corporation was in a condition to assert it against its stockholders.

The rule established by our Supreme Court, and subsequently observed by this court sitting in Cuyahoga county, in the case of *William C. Scofield* v. *The Excelsior Oil Co. et al*, precludes the assertion of any such claim against the stockholders of a corporation, however notoriously insolvent and out of business it may be, unless actually subjected to judicial liquidation, without the reduction of such claim to judgment against the corporation and the fruitless issue of execution thereon. This course was permitted in that case to be pursued pending the ac-

*Affirmed without opinion, *Akron Engineering Co.* v. *Nevin*, 84 Ohio State, 498.

tion, but the right to maintain the action was conditioned upon the observance of that procedure.  On the facts, the plight of the defendant corporation here became very similar to that of the Excelsior Oil Co.  We can not say here, any more than we could there, that the cause of action against the stockholders accrued prior to the return of execution unsatisfied on judgment rendered in favor of the plaintiff and against the corporation.

The voluntary dissolution under the statute can not alter the case, for the sections above referred to expressly confer this right of voluntary dissolution only on solvent corporations which have paid, or suppose themselves to have paid, all their debts.  There is no presumption whatever of corporate insolvency or of the necessity of creditors' recourse to stockholders' liability, in such cases.

We think the present action is not barred but was seasonably commenced, and an interlocutory decree may be taken accordingly as usual in such cases.